# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

JACQUELINE D. VICKERS,

    Plaintiff,

v.

CITY OF PEARSON, GEORGIA,
ATKINSON COUNTY, CITY, LOCAL,
STATE AND ELECTED OFFICIALS OF
SAID COUNTY AND ALL OTHER
AFFILIATED OFFICIALS, ATTORNEYS
AND PARTIES OF CONFLICT OF
INTEREST INVOLVED IN THE
ATKINSON COUNTY SUPERIOR COURT,
STATE OF GEORGIA, GREG SOLES,
HENRY SPIVEY, ROBBIE GRANTHAM,
and RICKY RIVERS,

    Defendants.

CV 514-66

## ORDER

Pro se Plaintiff Jacqueline Vickers ("Plaintiff") filed suit against multiple persons, in addition to Atkinson County, Georgia, and the City of Pearson, Georgia. Plaintiff's Complaint sets forth numerous claims against the following individuals and entities: City of Pearson, Georgia ("Pearson"); Atkinson County, Georgia ("Atkinson County"); Greg Soles ("Soles"); Henry Spivey ("Spivey"); Robbie Grantham ("Grantham"); and Ricky Rivers ("Rivers") (collectively,

"Defendants"). Plaintiff requests that this Court review the "fraudulent" actions of Atkinson County officials and employees that began in 1997, in addition to awarding her damages for the civil rights violations perpetrated against her. See generally Dkt. No. 1 ("Compl."). Presently before the Court are the following Motions: 1) Defendants' Motion to Dismiss (Dkt. No. 25), to which Plaintiff responded with several oppositions, dkt. nos. 20, 27-28, 31; and 2) Plaintiff's Motion for a Speedy Trial (Dkt. No. 37), to which Defendants filed a joint opposition, dkt. no. 40. Upon due consideration, Defendants' Motion to Dismiss (Dkt. No. 25) is **GRANTED** and Plaintiff's Motion for a Speedy Trial (Dkt. No. 37) is **DENIED AS MOOT.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken solely from Plaintiff's Complaint. Compl., pp. 1-14. Plaintiff lives in Atkinson County, Georgia, where she has resided for the past thirty years. Id. at p. 2. As a result of several incidents with the Atkinson County Police Department prior to 2000, Plaintiff asserts that members of the Atkinson County Police Department, among others, have a "vendetta" against her. Id. at ¶ 17. The first incident occurred on March 9, 1997—when Plaintiff was "fraudulently charged," "falsely imprisoned," and subjected to "cruel and unusual punishment," according to her Complaint. Id.

AO 72A
(Rev. 8/82)

On May 4, 1998, "several elected officials in Atkinson County" started a rumor that Plaintiff received $250,000 from a civil suit. Id. at p. 2. The civil suit involved claims against Atkinson County individuals who were campaigning for certain elected positions. Id. Specifically, the suit implicated Soles—who believed that he "lost the election because of the fraud charges against Plaintiff"—and Bettye Drayton Williams—against whom Plaintiff had run. Id. at ¶¶ 5-6. Shortly thereafter, Plaintiff became a "'target' for police harassment." Id. at ¶ 2.[1]

Plaintiff alleges that for years Defendants have orchestrated a barrage of fraudulent charges against her for: terroristic threats, id. at ¶¶ 6, 12, 14, 20; check fraud, id. at ¶ 6; speeding, id.; driving under the influence, id. at ¶¶ 6, 19, 20; child abuse, id. at ¶ 7, failure to stop at a red light, id. at ¶ 8; false imprisonment, id. at ¶ 9; defamation, id. at ¶ 12; harassment, id. at ¶¶ 14-15, 17, 20; unlawful arrest, id. at ¶ 16; theft by taking, id. at ¶¶ 16, 18; "financial fraud transaction," id. at ¶ 18; obstruction of an officer (two

---

[1] Plaintiff filed a "Respondent [sic] to Answers and Defenses of Atkinson County," essentially filing a response to defense counsel's Answer to her Complaint. Dkt. No. 20. In that response, Plaintiff sets forth another incident leading to her harassment. Plaintiff explains that on April 6, 1998, Plaintiff's husband was arrested by Spivey and Soles for playing his music too loudly. Id. at ¶ 2. Plaintiff then went to the Police Department to "check" on her husband, and while she was there they grabbed her, touched her inappropriately and used "excessive force" against her. Id. Plaintiff believes that her civil rights were violated, particularly since she was "charged with Obstruction of an Officer (2 Counts)." Id.

counts), id.; reckless driving, id. at ¶ 19; and "failure to maintain lane," id. at ¶¶ 19-20. Plaintiff further alleges that when her home was robbed, the Atkinson County Police Department failed to bring charges against the thief who stole $2,096 in cash, as well as a fifty-two inch television, from her house. Id. at ¶ 6. As a result of all of the above, Plaintiff contends that her thirty-year marriage deteriorated and she suffered "severe Medical Problems," in addition to emotional distress. Id. at ¶¶ 10, 12.

On September 3, 2014, Plaintiff filed a "Motion to Request a Hearing for Judicial Review Cases [sic]." See generally id. In light of the fact that Plaintiff is proceeding pro se, the Court accepted this filing as her Complaint.[2] Plaintiff then served the following parties: Spivey, dkt. no. 6; Rivers, dkt. no. 7; Soles, dkt. no. 8; Pearson, dkt. no. 9; and Grantham, dkt. no. 11.[3] Plaintiff requests that the Court "review several cases that were held in the Atkinson County Magistrate, Superior Court and other surrounding counties" for the imposition of fraudulent charges against her, while awarding her appropriate damages. Id. at ¶¶ 1-2. Plaintiff also seeks damages for "civil rights" violations against her. Dkt. No. 20, ¶ 1. Now

---

[2] A court may "recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. U.S. Dist. Court, 523 F. App'x 691, 694 (11th Cir. 2013).
[3] While it is unclear from the record when Atkinson County was served, attorney James Elliott entered his appearance on behalf of Atkinson County on November 10, 2014. Dkt. No. 18.

AO 72A
(Rev. 8/82)

ripe for the Court's review is Defendants' Motion to Dismiss (Dkt. No. 25) and Plaintiff's Motion for a Speedy Trial (Dkt. No. 37).

## LEGAL STANDARD

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts that are set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Given that Plaintiff is a pro se litigant, her allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). Although courts may construe pleadings liberally, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Boles v. Riva, 565 F. App'x 845, 846 (11th Cir. 2014) (quotes and cite omitted). "Although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'" Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir.

AO 72A
(Rev. 8/82)

2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).

## DISCUSSION

Federal courts are courts of limited jurisdiction as they may only hear those cases that either the Constitution or Congress authorized them to hear. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts thus have jurisdiction over two types of cases: 1) those involving a federal question, which includes "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or 2) those involving claims between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A federal court must address the issue of subject matter jurisdiction sua sponte if there is any question regarding its ability to hear a case. Cadet v. Bulgar, 377 F.3d 1173, 1179 (11th Cir. 2004).

Plaintiff fails to set forth a claim involving a federal question against Defendants. Plaintiff alleges that "[h]er Civil and Constitutional Rights have been violated and [that] she has been living in a hostile environment for sixteen years." Compl., ¶ 1.[4] The incidents causing Plaintiff to request a

---

[4] Plaintiff more fully detailed the events giving rise to the aforementioned constitutional violations in her Response. See generally Dkt. No. 20. Plaintiff contends that Rivers and Atkinson County violated the "Fourth, Fifth, Eighth, and Fourteenth Amendment [sic] to the United States Constitution" when they wrongfully, and without just cause used "excessive

AO 72A
(Rev. 8/82)

6

review of the actions of Defendants occurred on March 9, 1997, id. at ¶ 17, and on May 4, 1998, id. at p. 2. In a motion to dismiss, the Court must accept all facts alleged by the Plaintiff as true and draw the appropriate inferences in her favor. See Randall, 610 F.3d at 705.

Here, Plaintiff pleads several claims arising under the "Fourth, Fifth, Eighth and Fourteenth Amendment[s]." Dkt. No. 20, ¶ 10. State law controls the statute of limitations for claims arising under 42 U.S.C. § 1983: in Georgia, such claims are governed by the two-year statute of limitations for personal injuries. See O.C.G.A. § 9-3-33. Plaintiff's claims are time-barred because the acts of which she complains occurred in 1997 and 1998. Plaintiff waited far too long before filing suit on claims having a statute of limitations of two years. Thus, this Court is precluded from "reviewing" Plaintiff's federal claims under 28 U.S.C. § 1331.

Given that Plaintiff's federal claims are time-barred, she may still bring suit in federal court if she satisfies the requirements set forth in 28 U.S.C. § 1332. A liberal construction of her Complaint reveals that Plaintiff alleges to have suffered "over $250,000.00 worth of damages" as a result of Defendants' actions. Compl., p. 2. Plaintiff has thus satisfied the amount in controversy requirement by pleading an

force against" Plaintiff and her husband. Id. at ¶ 10. The incident in question occurred on March 9, 1997. Id. at ¶ 18.

amount greater than $75,000. 28 U.S.C. § 1332(a). Plaintiff's claims, however, fail the diversity of citizenship requirement.[5]

Although Plaintiff sets forth multiple state law claims,[6] a federal court has discretion as to whether to hear supplemental state law claims. See 28 U.S.C. § 1367. Courts are encouraged to avoid exercising supplemental jurisdiction when original jurisdiction is lacking. 28 U.S.C. § 1367(c)(3) (allowing a court to decline to exercise supplemental jurisdiction over a claim over which it has supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."); see also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Here, Plaintiff failed to plead claims over which this Court could exercise original jurisdiction. Because no federal cause of action remains in this suit, Plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

---

[5] In pertinent part, the individually named defendants are residents of: Pearson, Georgia (Soles); Axson, Georgia (Spivey and Rivers); and Lakeland, Georgia (Grantham). Dkt. Nos. 6-8, 12.

[6] Specifically, Plaintiff asserts that she was subject to the following state law claims: "False Imprisonment, Police Harrassment [sic] and Misconduct, Terroristic Threats, Theft by Taking, Aggravated Assaults, Property that were [sic] Stolen from her, Insurance Fraud, Fraud and Frivolous Criminal Charges of Mail Fraud, Credit Fraud, Slander, Defamation of Character, and Emotional Distress." Compl., p. 1. Plaintiff also alleges that she was a victim of fraudulent state law causes of action for: check fraud, id. at ¶ 6; speeding, id.; driving under the influence, id. at ¶¶ 6, 19-20; child abuse, id. at ¶ 7; failure to stop at a red light, id. at ¶ 8; obstruction of an officer (two counts), id. at ¶ 18; reckless driving, id. at ¶ 19; and failure to maintain lane, id. at ¶¶ 19-20.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. No. 25). Plaintiff's Motion for a Speedy Trial (Dkt. No. 37) is DENIED AS MOOT.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Dkt. No. 25) is **GRANTED** and Plaintiff's Motion for a Speedy Trial (Dkt. No. 37) is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to close this case.

**SO ORDERED**, this 16TH day of February, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)